IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| DUKE INVESTMENTS, LTD. | § § | CASE NO. 10-36556 |
| Debtors. | § § | (Chapter 11) |
| WALKER & PATTERSON, P.C. | § § | |
| Plaintiff, | § § | |
| VS. | § § | ADVERSARY NO. 15-03215 |
| MARK L. DUKE AND LYNN PROPERTIES, LLC | § § § § | |
| Defendants. | § | |

**MARK L. DUKE'S AND LYNN PROPERTIES, LLC'S A) OBJECTION
TO PLAINTIFF'S MOTION FOR SCHEDULING CONFERENCE;
AND B) MOTION TO DISMISS ADVERSARY FOR LACK OF
I) VALID JUDGMENT; II) CONSTITUTIONAL AUTHORITY;
III) SUBJECT MATTER JURISDICTION; and IV) LIMITATIONS**

COMES NOW, Mark L. Duke and Lynn Properties, LLC file their A) Objection to Plaintiff's Motion for Scheduling Conference and B) Motion to Dismiss Adversary for Lack of i) Valid Judgment; ii) Constitutional Authority; iii) Subject Matter Jurisdiction; and iv) Limitations and would show as follows:

**BACKGROUND FACTS**

1.      On April 6, 2011, Duke Investment LLC ("DIL") filed its Application to Employ and Substitute Special Counsel ("Application to Retain") seeking to employ Walker & Patterson, P.C. ("W&P"). *See* Docket No. 158.  The Application to Retain stated that it was pursuant to 11 U.S.C. §105(a), 327(e), 328(a) and Bankruptcy Rule 2014.  The Court authorized W&P's retention.  *See,* Docket No. 178.

1

2.     In the Application to Retain, DIL sought to employ W&P pursuant to Bankruptcy Rule 2014 (which provides the procedure for a debtor in possession to obtain court approval of the employment of an attorney); and Bankruptcy Code sections 327(e) and 328(a) which respectively govern the employment of professional persons by the debtor in possession and limits the compensation of such professionals.  *See* Application to Employ [Docket No. 158], p. 2 ¶3.  None of these provisions gave the Court jurisdiction over a non-debtor third party such as Mr. Duke.

3.     On January 9, 2012, W&P filed its fee application.  *See* Docket No. 231.  In W&P's First and Final Application of Special Litigation Counsel for Allowance of Compensation, W&P acknowledges that W&P was employed pursuant to 11 U.S.C. §328(a).  *See* Docket No. 221, p.2, ¶1.  In paragraph 2 of the Motion, W&P stated that "Mark Duke is liable for payment of the fee award and the estate will not be liable for payment."  Once W&P made that admission and conceded that DIL and its estate were not liable for W&P's fees and expenses, it caused the Court to lose jurisdiction over W&P's request for fees and expenses.  Further, the Court had no constitutional authority regarding W&P's rights as to Mr. Duke or Mr. Duke's obligations to W&P.  The Court could not order Mr. Duke to pay W&P, nor did the Court do so.

4.     On February 13, 2012, this Court entered an order finding the fees and expenses of W&P in the aggregate of $507,388.87 to be reasonable and necessary for the Debtor; however, the Court hand wrote, "The Debtor-in-possession shall not be liable for the awarded compensation".  *See* Docket No. 233, a copy of which is attached hereto as **Exhibit A**.  The Court's order does not state who, if anyone, is liable for W&P's fees and expenses.

5. At no time did W&P sue Mr. Duke to collect its fees. At no time did W&P initiate an adversary proceeding against Mr. Duke. More than four years has run since this Court's finding that the fees were necessary and reasonable, but ruling that DIL was not liable for those fees. This Court did not rule that Mark Duke was liable for the fees. *See* Docket No. 233. This Court at no time had Constitutional authority to find Mr. Duke liable for W&P's fees. This Court at no time had personal or subject matter jurisdiction over Mark Duke to find he was liable for W&P's fees. W&P incorrectly states that the Court's order is a judgment against Mr. Duke. It is not.

6. Furthermore, the type of relief requested by W&P against a non-debtor could not be fashioned by this Court and if it could, it could only be done via an adversary proceeding and only with a report and recommendation to the District Court. In short, W&P does not now have and never has had a "judgment" against Mark Duke. Therefore, with no judgment in favor of W&P against Mr. Duke, there can be no injunction, no lien and no fraudulent transfer.

## LEGAL ARGUMENT

7. This Court's lack of subject matter jurisdiction over this matter may be raised at any time because parties cannot, by their consent, confer jurisdiction upon a federal court in excess of the Constitutional grant. *Insurance Corp of Ireland, Ltd. v. Compagnie des Bauxites de Guinea*; 456 U.S. 694, 702, 102 S.Ct. 2099, 76L.Ed. 2d 492 (1982). "Federal courts are courts of limited jurisdiction." *Kokkon en v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.1135 (1936).

8. As this Court has recognized in the *Guerrero* case, this Court has an independent duty to determine its jurisdiction. *In re Guerrero*, 203 WL 6834642, at 4 (Bankr. S.D. Tex. Dec. 20, 2013). Once this Court determined that W&P could not collect against the debtor-in-

3

possession, then there could be no conceivable effect of W&P's fees and expenses on DIL or the bankruptcy estate, and as such, the Court had no subject matter jurisdiction. *Guerrero*, 2013 WL 6834642, at 5. A "conceivable effect" is a proceeding that "could alter the **Debtor's** rights, liabilities, options or freedom of action (either positively or negatively) and which *in any way* impacts upon the handling and administration of the bankruptcy estate." *Fire Eagle, LLC v. Bischoff (In re Spillman Dev. Group, Ltd.),* 710 F.3d 299, 304 (5th Cir.2013) (quoting *Blackburn–Bliss Trust v. Hudson Shipbuilders, Inc. (In re Shipbuilders, Inc.),* 794 F.2d 1051, 1055 (5th Cir.1986)).

9.  At best, W&P is now requesting that this Court exercise some type of ancillary jurisdiction; however, the claim against Mr. Duke individually is separate and distinct from W&P's claims against DIL (claims which W&P disavowed). This Court has disallowed W&P's claim against DIL. There is nothing in W&P's claims against Mr. Duke which has anything to do with the DIL bankruptcy case. Accordingly, the "two separate, though sometimes related purposes" of ancillary jurisdiction recognized by *Kokkonen* do not exist. *Kokkonen*, 511 U.S. at 379-80.

## LACK OF SUBJECT MATTER JURISDICTION

10. If this Court awarded W&P fees and expenses against Mr. Duke (which the Court did not do), this Court lacked subject matter jurisdiction to award fees and expenses to W&P to be paid by a non-debtor. Further, this Court lacked subject matter jurisdiction to enjoin non-debtor third parties, and this Court lacks subject matter jurisdiction to continue this adversary proceeding. "Subject matter jurisdiction is the Court's authority to entertain an action between the parties before it." *Zale*, 62 F.3d at 751 (quoting *American Hardwoods, Inc. v. Deutsche Credit Corp.* (*In re American Hardwoods, Inc.*), 885 F.2d 621, 624 (9th Cir. 1989).

4

11. A defense based on a lack of subject-matter jurisdiction may be made by motion. Fed. R. Civ. P. 12(b)(1) incorporated by B.R. 7012. Furthermore, lack of subject-matter jurisdiction cannot be waived. Fed. R. Civ. P. 12(h)(1); and may be raised at any time. Fed. R. Civ. P. 12(h)(3). A bankruptcy court's jurisdiction must be "related to" the bankruptcy *Matter of Zale Corp.*, 62 F.3d 746, 752 (5th Cir. 1995) (citing *Walker v. Cadle Co.* (*In re Walker*), 51 F.3d 562, 569 (5th Cir. 1995) (quoting *Wood v. Wood* (*In re Wood*), 825 F.2d 90, 93 (5th Cir. 1987)).).

> In *In re Wood,* 825 F.2d at 93, we adopted the Third Circuit's test for determining whether a matter is "related to" a bankruptcy case and held that a matter is "related to" the bankruptcy case for § 1334 purposes if " 'the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.' " *In re Wood,* 825 F.2d at 93 (quoting *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984)); *accord In re Walker,* 51 F.3d at 569. Moreover, " '[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and ... in any way impacts upon the handling and administration of the bankrupt estate.' " *In re Walker,* 51 F.3d at 569 (quoting *Pacor, Inc.,* 743 F.2d at 994). Conversely, the bankruptcy court has no jurisdiction over a matter that does not affect the debtor. *See Celotex,* 514 U.S. at —— n. 6, 115 S.Ct. at 1499 n. 6 (reciting *Pacor* test and commenting that "whatever test is used, these cases make clear that bankruptcy courts have no jurisdiction over proceedings that have no effect on the debtor").
>
> We begin our analysis by noting that a large majority of cases reject the notion that bankruptcy courts have "related to" jurisdiction over third-party actions. *See, e.g., In re Walker,* 51 F.3d at 569; *cf. Homsy v. Floyd (In re Vitek),* 51 F.3d 530, 538 n. 39 (5th Cir.1995) (wondering " 'out loud' about the extent, if any, to which the tools of injunctive relief and settlement (or 'compromise') are appropriate ... in dealing with the rights of third party creditors of the bankruptcy" and stating that "the broad latitude afforded bankruptcy courts in fashioning remedies should not be used in a way that tramples on the rights of dissenters among creditors or non-parties to the proceedings").

*Zale*, 62 F.3d at 752-53.

12. Bankruptcy Rule 9024 incorporates, for the purpose of this Motion, Federal Rule 60. B.R. 9024. Federal Rule 60 requires the Court to relieve a party from a final judgment if it

is void. Fed. R. Civ. P. 60(b)(4). *Kaden v. Chamisa Arts, Inc.*, 2016 WL 7616692 at *2 (W.D. Tex. July 15, 2016) (quoting *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1345 (5th Cir. 1992)). Here the fee award (if it is a judgment against Mr. Duke and in favor of W&P) is void. Likewise, the temporary injunction ("TI") and the orders issued in this Adversary Proceeding are void.

13. Here there are three reasons why the underlying "judgment" and the TI are void. First, this Court lacked Constitutional authority to enter a "judgment" against Mr. Duke or to issue the TI. Second, the Court lacked both personal and subject matter jurisdiction to enter a "judgment" against Mr. Duke and the Court lacked subject matter jurisdiction to issue the TI. Third, the "judgment" does not name Mr. Duke and W&P is now barred by limitations. As the *Kaden* court stated:

> Under Federal Rule of Civil Procedure 60(b)(4) ("Rule 60(b)(4)"), a Court must relieve a party from a final judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4). "Motions under Rule 60(b) are directed to the sound discretion of the district court, and its denial of relief upon such motion will be set aside on appeal only for abuse of that discretion." *Carimi v. Royal Carribean Cruise Line, Inc.,* 959 F.2d 1344, 1345 (5th Cir. 1992) (internal quotation marks omitted).
>
> "When, however, the motion is based on a void judgment under [R]ule 60(b)(4), the district court has no discretion—the judgment is either void or it is not." *Id.* (internal quotation marks omitted). A judgment is void if the court that entered the judgment lacked jurisdiction due to insufficient service. *Thompson v. Deutsche Bank Nat. Trust Co.,* 775 F.3d 298, 306 (5th Cir. 2014).

Furthermore, once W&P released DIL, this Court lacked constitutional authority and subject matter jurisdiction because the dispute (or matter in controversy) was between two non-debtor entities. The resolution of the dispute between W&P and Mr. Duke could have no hearing, consequence, or effect upon the Debtor or its estate. Lastly, the "judgment" does not say who it is against, rather it simply says who is not liable.

WHEREFORE, PREMISES CONSIDERED, Mark L. Duke and Lynn Properties, LLC pray that the Court vacate the TI and all orders entered in the Adversary Proceeding, dismiss the Adversary Proceeding with prejudice and declare that there is no "judgment" in favor of W&P against Mark L. Duke and grant Mark L. Duke and Lynn Properties, LLC such other and further relief as is just.

Respectfully submitted this 13th day of June, 2017.

> HIRSCH & WESTHEIMER, P.C.
>
> By: /s/ Michael J. Durrschmidt
> Michael J. Durrschmidt
> Texas Bar No. 06287650
> 1415 Louisiana, 36th Fl.
> Houston, Texas 77002
> Telephone: 713-220-9165
> Facsimile: 713-223-9319
> E-mail: mdurrschmidt@hirschwest.com

**ATTORNEY FOR MARK DUKE**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of June, 2017, a copy of the Mark L. Duke and Lynn Properties, LLC's A) Objection to Plaintiff's Motion for Scheduling Conference and B) Motion to Dismiss Adversary for Lack of i) Valid Judgment; ii) Constitutional Authority; iii) Subject Matter Jurisdiction; and iv) Limitations was served via first class mail, or electronic mail by the Clerk of the Court via the ECM system.

> /s/ Michael J. Durrschmidt
> Michael J. Durrschmidt